# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARLO M. HOLMES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:11-CV-2080 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

Following a jury trial, movant was found guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of the possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). After a timely appeal, on September 2, 2010, the Eighth Circuit reversed one count of movant's conviction and remanded for re-sentencing. See United States v. Holmes, 620 F.3d 847 (8th Cir. 2010). On September 28, 2010, movant was re-sentenced to 120 months' imprisonment. Movant failed to file a timely appeal of the amended judgment and sentence.[1]

---

[1]Pursuant to Fed. R. App. P. 4(b)(1), movant had fourteen (14) days after the Court entered the amended sentence to file a timely notice of appeal. Movant filed an untimely notice of appeal on September 13, 2011, or almost one year later, which was dismissed by the Eighth Circuit Court of Appeals on October 14, 2011. The untimely appeal did not toll the statute of limitations under 28 U.S.C. § 2255(f). See, e.g., Randle v. Crawford, 604 F.3d 1047 (9th Cir. 2010) (holding that petitioner's conviction became final upon the expiration of the time for seeking direct review and not upon the

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. An criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen

---

date the appellate court dismissed the appeal as untimely).

(14) days after the amended judgment was entered on September 28, 2010. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on about October 13, 2011. Movant's untimely motion to vacate was signed and placed in the prison mail system on November 29, 2011.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion may be dismissed.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of December, 2011.