UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARLO M. HOLMES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-2080 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Carlo Holmes' Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, originally filed pro se and supplemented to add a claim pursuant to the Supreme Court's ruling in Dorsey v. United States, 132 S. Ct. 2321 (2012). The government opposes the motion. Movant, through appointed counsel, has filed a reply. The matter is now fully briefed and ready for decision. For the following reasons, movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, as supplemented by the Dorsey claim, will be granted.

**Background**

On September 4, 2008, movant Carlo Holmes was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S. C. § 922(g)(1) (Count 1) and one count of possession with intent to distribute in excess of 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2). See United States v. Holmes, No. 4:08-CR-525 CAS (E.D. Mo.).

On March 3, 2009, a jury found Holmes guilty on both counts following a two-day trial. On June 11, 2009, the Court sentenced Holmes to the mandatory minimum sentence, 120 months

imprisonment on each count, to be served concurrent with each other and with certain specified state court cases, and supervised release for a term of 2 years on Count 1 and 8 years on Count 2.

Holmes filed a timely notice of appeal on July 28, 2009, which raised two points for appeal: (1) error in the admission of hearsay statements of a confidential informant, and (2) sufficiency of the evidence. On September 2, 2010, the Eighth Circuit Court of Appeals affirmed Holmes' conviction on Count 2, the crack cocaine charge, and reversed his conviction on Count 1, the felon in possession charge, based on a Confrontation Clause violation. The Court of Appeals vacated the judgment and sentence imposed on the felon in possession charge, and remanded the case to this Court for further proceedings. See Doc. 73, Case No. 4:08-CR-525 CAS.

On remand, pursuant to Rule 48(a), the government moved to dismiss Count 1, the felon in possession charge, against movant without prejudice. See Doc. 76, Case No. 4:08-CR-525 CAS. On September 27, 2010, the Court granted the government's motion to dismiss Count 1, and ordered the Court to prepare an Amended Judgment in a Criminal Case to reflect (1) defendant's conviction on Count 2, and (2) the government's dismissal of Count 1. See Doc. 77, Case No. 4:08-CR-525 CAS.

On September 28, 2010, the Court issued an Amended Judgment in a Criminal Case. The Amended Judgment states as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months. Defendant is sentenced on Count 2 to 120 months imprisonment, to be served concurrently to any sentence imposed in any of his state court cases in Docket Numbers 22991-0223-01, 22991-04023-01, 2104R-01049-01 and 2205100122-01.

Doc. 78 at 2, Case No. 4:08-CR-525 CAS.

On November 30, 2011, Holmes filed, pro se, a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He raised only one ground: ineffective assistance of counsel. The government opposed the motion, and movant filed a reply.

The § 2255 motion was fully briefed and pending, when on April 29, 2013, Holmes moved to amend the motion to add a claim pursuant to United States v. Dorsey, 132 S. Ct. 2321 (2012) ("Dorsey"). The government filed an opposition to the motion to amend, addressing only the merits of the Dorsey claim. At this point, counsel was appointed for Holmes. Mr. Lee Lawless entered his appearance on behalf of Holmes, and filed a reply brief addressing the merits of the Dorsey claim.

On June 13, 2013, the Court granted Holmes' motion to amend his § 2255 motion, and construed the motion to amend and reply brief as a supplement to Holmes' § 2255 motion. Subsequently, Holmes moved to withdraw his prior pro se ineffective assistance of counsel claim, which the Court will grant herein. The only issue before the Court on the instant § 2255 motion, therefore, is whether the Supreme Court's decision in Dorsey should apply to movant's case such that movant is entitled to a sentence reduction.

**Discussion**

As stipulated at trial, the amount of crack cocaine at issue in Holmes' underlying criminal case was 6.1 grams. See Trial Tr. II, at 33-34, (Doc. 68 in Case No. 4:08-CR-525 CAS). Holmes' offense involving this 6.1 grams of crack cocaine occurred in August 2008. This was before the Fair Sentencing Act of 2010 ("FSA") took effect. After being found guilty in a jury trial, Holmes was sentenced on June 11, 2009. Because he had been previously convicted of a drug felony, he was subject to a 10-year mandatory minimum. See 21 U.S.C. §§ 841(b)(1)(B) and 851 (2006 ed.). The Court sentenced Holmes to this 10-year mandatory minimum.

On remand following his successful appeal to the Eighth Circuit Court of Appeals, Holmes was resentenced on September 28, 2010. This resentencing occurred after the effective date of the FSA (August 3, 2010), but before the effective date of the new Sentencing Guidelines (November 1, 2010). Under the FSA, Holmes would not be subject to a mandatory minimum, because 6.1 grams is less than the 28 grams that triggers the FSA's mandatory minimums. See § 2(a), Fair Sentencing Act, 124 Stat. 2372. Pursuant to the Supreme Court's decision in Dorsey, Holmes asks the Court to apply the FSA's more lenient statutory penalties to his resentencing.

The Supreme Court held in Dorsey that the FSA applies retroactively to offenders whose crime was committed before the FSA's effective date, but whose sentencing occurred afterward. Dorsey, 132 S. Ct. at 2335. This includes offenders who were sentenced after August 3, 2010 but before November 1, 2010, the time period after the FSA's effective date but before the new Sentencing Guidelines took effect. Id. at 2335-36. The Supreme Court's decision relied on six considerations. The first three considerations relate to statutory interpretation, background sentencing principles, and congressional intent. The fourth and fifth considerations the Supreme Court found relevant were avoiding disparities in sentencing. The Supreme Court found unfair "[i]mposing upon the pre-Act offender a pre-Act sentence at a time after Congress had specifically found in the Fair Sentencing Act that such a sentence was unfairly long." Id. at 2333.

The sixth consideration of the Supreme Court in applying the FSA retroactively to offenders whose crimes were committed before the FSA's effective date is as follows: "Sixth, we have found no strong countervailing consideration." Id. at 2334. The Supreme Court reviewed the arguments

made by the amicus and the dissent, and said, simply: "We do not believe that these arguments make a critical difference."[1] Id. at 2335.

The Dorsey decision did not make a distinction between an original sentencing and a resentencing after the FSA's effective date. Although there is no case directly analogous to the case here, several circuits have found Dorsey applies to resentencings: United States v. Hinds, --- F.3d ----, 2013 WL 1406005, *2 (11th Cir. Apr. 9, 2013) ("[A]t the time a defendant is resentenced, he is in a materially indistinguishable position from the defendant in Dorsey, and Dorsey's analysis is equally applicable"); United States v. McMurtrey, 704 F.3d 502, 505 n.1 (7th Cir. 2013) ("[I]t is now clear that if [defendant] faces resentencing, he will be entitled to application of the [Fair Sentencing] Act."); United States v. Campbell, 503 F. App'x. 472 (7th Cir. 2013) (finding Dorsey error at resentencing, but finding error harmless); United States v. Boomer, 2013 WL 979543 (4th Cir. Mar. 14, 2013) (unpublished) ("Dorsey does not make a distinction between original and resentencings after the FSA's effective date.").

The Court recognizes that Holmes' resentencing was not a *de novo* resentencing, a phrase used by the Eleventh Circuit in Hinds. Nor was he resentenced at a "full sentencing hearing," a phrases used by the Fourth Circuit in Boomer. The Court further recognizes that the Eighth Circuit Court of Appeals affirmed movant's conviction on the crack cocaine charge (Count 2) and reversed his conviction on the felon in possession charge (Count 1). The government finds this point dispositive. Although these points are well taken, to borrow language from the Supreme Court, this

---

[1]Interestingly, in Dorsey the petitioners and the Government agreed that the FSA's new minimums applied to Edward Dorsey and Corey Hill, the Dorsey petitioners. The Supreme Court had to appoint *amicus curaie* to argue the contrary position.

Court has found no strong countervailing consideration and does not believe these arguments make a critical difference. Id. at 2334-35.

What the Court finds dispositive is this: Holmes' case was remanded to this Court after Congress had found in the Fair Sentencing Act that Holmes' mandatory sentence of 120 months imprisonment for possessing 6.1 grams of crack cocaine was unfairly long. Under the Fair Sentencing Act, such a small amount of crack cocaine would not have triggered a mandatory minimum of 120 months. After Congress made this finding in the FSA, but before the new Sentencing Guidelines took effect, this Court issued an Amended Judgment, sentencing Holmes again to 120 months imprisonment for possession with intent to distribute 6.1 grams of crack cocaine. See Amended Judgment in Criminal Case, Doc. 78, Case No. 4:08-CR-525 CAS ("Defendant is sentenced on Count 2 to 120 months imprisonment . . . ."). Because the new Sentencing Guidelines had not taken effect when the Court issued the Amended Judgment, the Court did not have any authority to impose a post-Act sentence on Holmes. Now Dorsey has held that the FSA applies retroactively to offenders whose crimes were committed before effective date of the act, but whose sentencing occurred afterward, including offenders who were sentenced before the new Sentencing Guidelines took effect. For the reasons stated in Dorsey, considerations of fairness, uniformity, and proportionality weigh in favor of applying the FSA's new lower mandatory minimums to the post-Act resentencing of Mr. Holmes.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to withdraw his claim of ineffective assistance of counsel raised in his original pro se § 2255 motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **GRANTED**. [Doc. 25]

**IT IS FURTHER ORDERED** that movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, as supplemented by the <u>Dorsey</u> claim, is **GRANTED**. [Doc. 1]

An appropriate judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>28th</u> day of June, 2013.